United States District Court
Western District of New York
------------------------------------X

Darren Jordan #98A3830,
              Plaintiff,

   -Against-

Albert Prack Director, Special
Housing, Acting Captain Lt. Borow-
ski, and C.O. Mclaughlin, Jane
Doe's #1-10 and John Doe's #1-10,
all of each and being sued in
their Individual Capacity.
              Defendants
------------------------------------X

Complaint
Jury Trial Demanded

Civil Action No:
**12 CV 0520**



## Preliminary Statement

1. This is a Civil Rights action in which the Plaintiff seeks relief for the defendants violations of his Due Process Rights secured to him by the 5th and 14th Amendment and the Equal Protection to the Civil Rights Act of 1983, and the Laws and Constitution of the State of New York.

## Jurisdiction

2. Jurisdiction is conferred upon this Court by 28 U.S.C. section 1331, 1343(3) and (4), this being an action seeking redress for the violation of Plaintiffs' Constitutional and

Civil Rights. The amount of damages in controversy is in excess of Fifty Thousand ($50,000.00) dollars exclusive of interest and cost.

### Venue

3. Venue is proper for the United States District Court for the Western District Court of New York pursuant to 28 U.S.C. Section 1391(a), (b) and (c).

### Parties

4. Plaintiff Darren Jordan #98-A-3830 is an American Citizen and resident of the United States and at all times relevant herein an inmate in the Department of Correction and Community Supervision (herein DOCCS) and currently housed at the Southport Correctional Facility, P.O. Box 2000, Pine City N.Y 14871.

5. Defendant Albert Prack, 1220 Washington Ave. State Campus building 2, Albany NY 12226, was and is the Special Housing Unit Director of DOCCS, and at all times relevant to this complaint was responsible for the determination of inmate tier hearing guidelines and/or regulations and he is being sued in his Individual Capacity.

6. Defendant G. McLaughlin, Correction Officer at Attica Correctional Facility, P.O. BOX 149, Attica NY 14011, at all times hereinafter mentioned were and are a Correction Officer and assign-

ed as a tier hearing assistant, and he is being sued in his Individual Capacity.

7. Defendant, D. Borowski, Acting Capt. Lt. at Attica Correctional Facility, P.O. Box 149, Attica NY 14011, at all times hereinafter mentioned, were and are assigned to carry out and conduct Inmate Tier Hearing at Attica C.F. and he is being Sued in his Individual Capacity.

### Statement of Fact

8. Plaintiff, being issued a misbehavior report dated February 25, 2011 for allegedly violating prison rules, violent conduct, creating a disturbance, assault on inmate, fighting, direct order, weapon, altered item. Upon the commencement of the superintendants tier hearing on the charges Plaintiff requested that he be afforded his opportunity to call certain witnesses in support in defending himself against the charges. This request was denied by the hearing officer. Upon being found guilty of all charges, in violation of Plaintiffs' constitutional rights, Plaintiff was imposed 15 months Special Housing Unit (SHU), 15 months loss of Packages, Commissary and Phones.

9. Plaintiff subsequently filed an administrative appeal to Defendant Albert Prack, and the sanctions imposed was reversed based upon the denial of witness requested by Plaintiff and a rehearing was ordered for the deprivation of Plaintiffs Constitutional Rights.

10. Plaintiffs Rehearing commenced April 6, 2011. Defendant Acting Capt. Lt. D. BOROWSKI was assigned to conduct the hearing and read the charges against Plaintiff. The same as was charged in the initial Inmate Misbehavior Report and was reversed

for the commencement of a rehearing. At the rehearing, Plaintiff requested that he be given a tier hearing assistant to perform duties required of assistance pursuant to directive, as his procedural entitlement of Due Process. Defendant Mclaughlin was assigned to render Plaintiff tier assistance, at which time Defendant Mclaughlin constructivly refused to carry-out the minimal services to Plaintiff, to locate and interview witnesses for Plaintiff evidence in presenting a defense at the rehearing.

11. Plaintiff requested that Defendant Borowski provide him with adequate assistance, in interviewing all witnesses that Plaintiff requested by defendant Mclaughlin. Defendant Borowski, then informed Plaintiff that "Defendant Mclaughlin, job as Plaintiffs' assigned assistant was not to interview any witnesses on Plaintiffs behalf, that "It was not Defendant's Mclaughlin's Job." Plaintiff was again, as did his initial hearing denied witnesses to produce at the hearing in support of his defense to the charges against him.

12. Plaintiff from the very start of the rehearing informed Defendant Borowski, that his Civil Rights had been violated by the first hearing because of the failure to afford him his constitutional rights to call witnesses, as defendant Albert Prack conceeded, in his initial determination, and his basis for ordering Plaintiff a rehearing. Defendant Albert Prack delibertly circumvented Plaintiff rights by the violation in initial hearing, and ordered rehearing for a form of relief, and not a total expungement as was required for the deprivation of Plaintiffs' Constitutional Rights to call the alledged victim at the first tier hearing, Plaintiff was

entitled by due process of Law.

13. Plaintiff at the rehearing, requested that the alledged victim be called as a witness and/or interviewed by both Defendants Borowski and Mclaughlin. Plaintiff also requested that Defendants Borowski and Mclaughlin locate and interview A-12-4T as his witness. Plaintiff clearly stated that these requests were for two (2) seperate witnesses by establishing the fact(s) that the alledged victim locked in cell A-12-6 the date of the incident described within the misbehavior reports and A-12-4T was never interviewed. This request was arbitrarily denied by Defendants Borowski and Mclaughlin. Defendants Borowski and Mclaughlin, completely ignored Plaintiffs' request and subsequently found Plaintiff guilty of the same charges, in violation of Plaintiff Due Process rights to call witnesses on his own behalf.

14. April 25, 2011, Plaintiff reappealed the 15 month imposed sanctions by Defendant Borowski, to Defendant Albert Prack. Defendant Albert Prack denied Plaintiff reappeal to him, based upon the same deprivation of his constitutional rights of the first hearing, upon which Defendant Albert Prack cercumvented Plaintiff constitutional rights, and ordered a rehearing, as opposed to the required relief of total expungement of all charges for the violation of his constitutional rights to call witnesses in his defense.

15. Plaintiff served upon the rehearing 15 month imposed sanctions, 13 months in SHU, being subjected to 23 hour

lockdown, escorted in restraints chains during any movement about the Facility, one Family visit per week behind glass seperate from visitors, no commissary, packages and phones as a result of Defendants' Albert Prack, LT. Borowski and C.O. Mclaughlin's delibertly and willfully denial of Plaintiffs' Constitutional Rights by the unlawful tier hearing ordered by defendant Albert Prack, Director Special Housing.

16. Plaintiff commenced an Article 78 Petition dated June 24, 2011 in Albany County Court and proceeding was transfered to the appellate division December 28, 2011. After Plaintiffs' brief was completed and filed February 17, 2012 debriefing the Civil Rights Violation procured by the Defendants Albert Prack, Borowski and Mclaughlin deprivation of Plaintiffs constitutional rights to call witnesses, respondents summary agreed to administrativly reverse disciplinary determination by Defendant Borowski and upheld by Defendant Albert Prack on May 1, 2012, conceding that Plaintiffs' due process rights to call witness was violated, at the rehearing ordered by Defendant Albert Prack.

17. Plaintiff upon the sanctions of 15 months imposed by Defendant Borowski in violation of Plaintiffs Due Process Rights, served 13 months in special housing unit. Plaintiff was subjected to hardship, and unlawful confinement to inhumane treatment resulting from SHU restrictions.

### As and For the First cause of action For Violation of Plaintiff's Due Process Rights

18. Plaintiff repeat, reallege and reiterate paragraphs 1-17 as if more fully set forth herein.

19. The above stated conduct by the defendants constitutes a clear violation of Plaintiff's Due Process Rights affored to him by the United States Constitution, and the laws thereof. That these defendants, acting in concert, and under the color of law, to wit, under the color of statutes, ordinances, regulations, customs, and usages of the State of New York, and they separately and in concert engaged into conduct here mentioned to injure of the Plaintiff rights, privileges and immunities secured to plaintiff by the due process clause, and Fourteenth Amendment to the Constitution of the United States and the laws thereto, when they willfully and deliberatly denied Plaintiff his Due Process Rights to produce witnesses at his rehearing and adequate her assistance to support its evidence for a defense to the charges against Plaintiff.

20. As a proximate result of the deprivation of Plaintiff's Constitutional Rights, the injuries having been caused by the defendants, and each of them are legally, and individually liable, and entitling Plaintiff to compensatory and exemplary damages to be set by this court.

### As and For the Second Cause of Action Respondeat Superior Liablity.

21. Plaintiff repeat, realleges, and reiterate paragraphs 1-20 as if more fully set fourth herein.

22. At all times herein mentioned, the defendant Albert Prack, were employed by Doccs, and designated as the Director of Special Housing Unit to correct, and legally define the Constitutionality of a Inmate tier hearing, including Plaintiffs;

23. The defendant Albert Prack, individually as DOCCS Special Housing Unit, Director, is liable for compensatory and exemplary damages to each and every deprivation of Plaintiffs due process under the doctrine of Respondeat Superior for the intention tort of Plaintiff Constitutional Rights, committed in the scope of his employment.

24. That by reason of the aforesaid wrongs and deprivation of the Plaintiffs' Rights and Liberties as guaranteed by the aforementioned constitutions, by the defendants, their agents, servants, and employees, acting within the scope of their authority, and without any probable or reasonable caused the Plaintiff great suffering and pain, being confined to harsh prison isolation and confined to SHU for a duration of 13 Months, he suffered conscious pain and suffering and that he was otherwise

damaged.

25. That by reason of the aforesaid the Plaintiff requests the following relief:

    (a) Compensatory Damages in the sum of one hundred and Fifthy Thousand Dollars ($150,000.00)

    (b) Punitive Damages in the sum of one hundred and Fifthy Thousand Dollars ($150,000.00)

    (c) Injunctive relief against all named defendants in their Individual Capacities.

    (d) Plaintiff requests a trial by Jury of all issues involved in this complaint.

WHEREFORE, Plaintiff demands Judgement against the defendants for the aforementioned amounts, together with costs and disbursements of action.

Sworn to before me this 1
day of June, 2012

_____
Notary Public

STEVEN PIECUCH
Notary Public, State of New York
Qual. in Chemung Co. No. 01PI6187437
Commission Expires May 19, 20__

_____
Darren Jordan Pro Se
Date: June 1, 2012